JOHN R. MARTIN, Respondent, v. GEORGE GRUNIG, JR., et al., Appellants, et al., Defendants. (Action No. 1.) FIRST NATIONAL BANK & TRUST COMPANY OF RIDGEFIELD, CONNECTICUT, Appellant, v. FIRST NATIONAL BANK & TRUST COMPANY OF NORTH TARRYTOWN, NEW YORK, Defendant; GEORGE GRUNIG, JR., Impleaded Defendant-Appellant; JOHN R. MARTIN, Impleaded Defendant-Respondent, et al., Impleaded Defendants. (Action No. 2.) — The plaintiff in Action No. 1 of two consolidated actions, John R. Martin, gave his so-called check in the amount of $2,500 to a real estate broker, George Grunig, Jr., together with an instruction that the instrument was to be used as the down payment on a proposed purchase by the said plaintiff of a parcel of real estate. The instrument was payable to the order of Grunig, and indorsed on the back was the legend "In partial payment of Ridgefield Lake Property subject to conditions mutually agreeable to be set forth in a contract of sale." Grunig turned the instrument over to William Winthrop, president of the proposed seller, Ridgefield Lakes, Inc., and received from the latter copies of a proposed contract of sale signed by Winthrop on behalf of the seller. This took place without the presence of the said plaintiff, who never signed the contract and who ultimately withdrew from the transaction. However, Winthrop procured certification of the instrument by the drawee bank, First National Bank & Trust Company of North Tarrytown, New York, hereinafter referred to as the North Tarrytown Bank, and thereafter cashed it at First National Bank & Trust Company of Ridgefield (Connecticut), hereinafter referred to as the Ridgefield Bank. The certification was evidenced by the following words stamped on the face of the instrument: "Certified Payable only as originally drawn and when properly endorsed." After the certification, but before presentation of the instrument by the Ridgefield Bank to the North

Tarrytown Bank for payment, the said plaintiff ordered the North Tarrytown Bank to refuse payment. The amount of the instrument having been debited against the said plaintiff's account by the North Tarrytown Bank, at the time of certification, and that bank having refused to credit it back, and also having refused to honor the instrument, Action No. 1 was brought by said plaintiff against Grunig, the Ridgefield Bank, Winthrop and Ridgefield Lakes, Inc., and Action No. 2 was brought by the Ridgefield Bank against the North Tarrytown Bank, following which, pursuant to order made, the amount of the instrument was paid into court by the North Tarrytown Bank, and Grunig, Martin, Winthrop, Ridgefield Lakes, Inc., and the Sheriff of Westchester County were brought into Action No. 2 as interpleaded defendants. The two actions were thereafter consolidated. The appeals are by the Ridgefield Bank from an order made May 23, 1952, which granted Martin's motion for summary judgment and denied its own cross motion for summary judgment, and from the ensuing judgment, except so much of the order and judgment as stayed execution; and by Grunig from the same judgment, except the stay therein, and from so much of a subsequent order, made July 25, 1952, which granted his motion for reargument of Martin's motion for summary judgment, as denied his application to elide from the judgment and the original order the direction for judgment against him. Order of May 23, 1952, insofar as appealed from, unanimously affirmed, with $10 costs and disbursements in favor of respondent Martin and against the said Ridgefield Bank. Order of July 25, 1952, modified by striking from the second ordering paragraph thereof, the following : " the Court having adhered to its original decision,"; by striking from the same paragraph the word " denied " and by substituting in lieu thereof the word " granted "; by striking therefrom the third ordering paragraph and by substituting in lieu thereof a provision to the effect that the motion of John R. Martin for summary judgment insofar as it is against George Grunig, Jr., is denied; and by further providing therein that the action, insofar as it was brought by said John R. Martin against said George Grunig, Jr., is severed from the remainder of the action. As so modified, the order, insofar as appealed from, is unanimously affirmed, with $10 costs and disbursements, in favor of appellant Grunig and against respondent Martin. Judgment modified by striking therefrom the name " George Grunig, Jr." wherever it appears therein. As so modified, the judgment, insofar as appealed from, is unanimously affirmed, without costs. The instrument was nonnegotiable, by reason of the above-quoted legend on its back that it was issued " subject to conditions ". (See Beutel's Brannan on Negotiable Instrument Law [7th ed.], p. 255 *et seq.*) Consequently Martin would unquestionably have had a complete and valid defense to a claim against him based on this paper. The certification constituted an acceptance by the North Tarrytown Bank of the very same liability as was Martin's (Negotiable Instruments Law, §§ 220, 323), but no greater liability, and so the same defenses which would have been Martin's necessarily inured to the North Tarrytown Bank. When the latter availed itself of its right to resist the payment demanded by the Ridgefield Bank, it could not at the same time lawfully refuse to return to Martin's account the amount which had been debited against said account by reason of the certification. The theory of liability upon which Martin has asserted a claim against Grunig is that the latter committed a breach of duty when he turned the instrument over to the proposed seller or its president. There is a triable issue indicated by the papers as to whether any breach was committed by Grunig. Present — Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.